NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1162

SYSTEMS DIVISION, INC.,

Plaintiff-Appellee,

v.

TEKNEK ELECTRONICS, LTD. and TEKNEK, LLC,

Defendants,

and

SHEILA HAMILTON, JONATHAN KENNETT,
and TEKNEK HOLDINGS, LTD.,

Defendants-Appellants.

_____

Edward F. O'Connor, O'Connor Christensen & McLaughlin, LLP, of Irvine, California, argued for plaintiff-appellee.

Harvey R. Friedman, Greenberg Glusker Fields Claman & Machtinger LLP, of Los Angeles, California, argued for defendants-appellants.  Of counsel was Richard E. Neff.

Appealed from:  United States District Court for the Central District of California

Judge David O. Carter

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1162

SYSTEMS DIVISION, INC.,

Plaintiff-Appellee,

v.

TEKNEK ELECTRONICS, LTD. and TEKNEK, LLC,

Defendants,

and

SHEILA HAMILTON, JONATHAN KENNET,

and TEKNEK HOLDINGS, LTD.,

Defendants-Appellants.

_____

DECIDED:  October 26, 2007

_____

Before MICHEL, <u>Chief Judge</u>, NEWMAN and MOORE, <u>Circuit Judges</u>.

MOORE, <u>Circuit Judge</u>.

Sheila Hamilton, Jonathan Kennett, and Teknek Holdings, Ltd. (collectively, Joined Defendants) appeal from a January 3, 2007 order granting Systems Division, Inc.'s (SDI) motions to add them as parties to the 2004 verdict and judgment of infringement entered for SDI against Teknek Electronics, Ltd. and Teknek LLC (collectively, Original Defendants).  SDI sought to add Kennett, Hamilton, and Teknek Holdings to the infringement judgment on the theory that they fraudulently transferred assets from the Original Defendants to themselves, thereby bankrupting or rendering the Original Defendants insolvent, to prevent SDI's collection of its $3.7 million

judgment. The district court granted the joinder, finding the Joined Defendants were the alter egos of the Original Defendants. The court also determined that Teknek Holdings could be joined as a successor-in-interest to the Original Defendants. Finally, the district court denied the Joined Defendants' request to dismiss under the theory of <u>forum non conveniens</u> in favor of Scotland. We <u>affirm</u> the district court judgment on alter ego grounds and find that it did not abuse its discretion in refusing to apply the doctrine of <u>forum non conveniens</u>.

BACKGROUND

SDI sued the Original Defendants[1] for infringement of three patents covering "clean machines" in February 2000 in the United States District Court for the Central District of California. Two months after SDI filed its infringement suit, Kennett and Hamilton created a new entity, Teknek Holdings, in Scotland.[2]

While the infringement litigation between SDI and the Original Defendants was moving forward, Kennett and Hamilton were moving assets from those entities to Teknek Holdings, which was not a party to the ongoing infringement suit. After Teknek Holdings' creation, Teknek Electronics became a wholly-owned subsidiary of Teknek Holdings and paid "dividends" and transferred assets to its parent company. One dividend payment of approximately £3.5 million occurred in 2003, shortly after a summary judgment granted for the defendants was reversed in favor of the plaintiffs.

---

[1] Teknek Electronics is a Scottish company. Prior to becoming a wholly owned subsidiary of Teknek Holdings, Teknek Electronics was solely owned by Kennett and Hamilton. Kennett owned 85% and Hamilton owned 15% of Teknek Electronics. Teknek LLC is an Illinois company formed to sell products of Teknek Electronics in the United States. Similarly, Kennett owns 85% and Hamilton owns 15% of Teknek LLC.

[2] As with Teknek Electronics and Teknek LLC, Kennett and Hamilton are the sole owners and directors of Teknek Holdings. Kennett owns 85% and Hamilton owns 15% of Teknek Holdings. There are no presidents or vice presidents, nor is there evidence of other corporate officers.

Also, Teknek Electronics transferred all of its manufacturing equipment to Teknek Holdings. Teknek Electronics additionally transferred its building to Teknek Holdings in May 2003, effective December 2003. A second dividend payment of approximately £1.5 million then occurred in 2004, shortly before the jury verdict. There is no indication that Teknek Electronics received any compensation in return for the assets it transferred to Teknek Holdings.

At the same time, Kennett and Hamilton were also moving assets from Teknek LLC to Teknek Holdings while the infringement suit was proceeding in California. Teknek LLC did not become a subsidiary of Teknek Holdings, but in 2004, it "sold" all of its assets to Teknek Holdings, including the Teknek trademark. There is no evidence to suggest that Teknek LLC received any compensation for the assets that it transferred to Teknek Holdings.

In July 2004, a jury returned a verdict in favor of SDI, and found that the Original Defendants willfully infringed. SDI was awarded $3.7 million in damages and prejudgment interest. On May 26, 2005, Teknek Electronics filed an insolvency petition in the United Kingdom as it was drastically undercapitalized with current assets of £5,365. On July 12, 2005, Teknek LLC filed a Chapter 7 bankruptcy petition, disclosing $73.22 in total assets and total liabilities of approximately $3.8 million. Over 99% of Teknek LLC's liabilities belong to SDI as a $3.7 million judgment creditor.

After realizing that almost all of the assets of the Original Defendants had been moved to Teknek Holdings over the course of the infringement litigation and that the Original Defendants now had no assets to satisfy the judgment, SDI filed two motions to add Teknek Holdings, and Kennett and Hamilton in their individual capacity, to the

infringement judgment. The district court granted SDI's motions to add the Joined Defendants to the November 2004 judgment.

ANALYSIS

## I. Alter Ego Theory

Although the Joined Defendants were not parties to the underlying infringement litigation, they can be attached as parties to the judgment after the fact under California law. Federal Rule of Civil Procedure 69(a) permits judgment creditors in California federal courts to use enforcement methods consistent with California state practice and procedures. California Code of Civil Procedure § 187 allows amendment of the patent infringement judgment to add a non-party judgment debtor if SDI proves that (1) the joined defendants are the alter egos of Teknek LLC and/or Teknek Electronics, and (2) the joined defendants controlled the underlying infringement "litigation, thereby having an opportunity to litigate in order to satisfy due process concerns." In re Levander, 80 F.3d 1114, 1121 (9th Cir. 1999); Katzir's Floor & Home Design v. M-MLS.com, 394 F.3d 1143, 1146-47 (9th Cir. 2004). Section 187 is premised on the notion that the amendment adding additional parties to a judgment after the fact is "for the purpose of inserting the correct name of the real defendant, such that adding a party to a judgment after the fact does not present due process concerns." Katzir's, 394 F.3d at 1148 (internal citation omitted); NEC Elecs., Inc. v. Porter Hunt, 208 Cal. App. 3d 772, 778 (1989) ("This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant."). Under Ninth Circuit law, we review for clear error the district court's determination that a party is properly added to a previous judgment. See Katzir's, 394 F.3d at 1148.

Alter ego is a doctrinal basis for disregarding the corporate entity and is invoked where recognition of the corporate form would work an injustice to a third party. Id. at 1149. There are two general requirements for disregarding the corporate entity: there must be "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist," and it must be demonstrated that "if the acts are treated as those of the corporation alone, an inequitable result will follow." Automotriz De California v. Resnick, 47 Cal. 2d 792, 796 (1957) (cited in NEC, 208 Cal. App. 3d at 777). It is also appropriate where fraud or other exceptional circumstances merit piercing the corporate veil. Dole Foods Co. v. Patrickson, 538 U.S. 468, 475 (2003).

Even though a party would not normally be subject to personal jurisdiction in a particular forum, courts may exercise personal jurisdiction over an individual or corporation that is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court. See, e.g., Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984) (finding a prima facie case of alter ego-based jurisdiction over individuals who were alter egos of the contract signatories and of the corporations and partnerships). The question we are presented with in this case is whether the district court clearly erred in joining Teknek Holdings, Kennet, and Hamilton as alter egos of Teknek LLC and Teknek Electronics under § 187.

The district court found that Kennett and Hamilton fraudulently transferred the Original Defendants' assets to Teknek Holdings, resulting in the Original Defendants' bankruptcy and insolvency, and preventing SDI's recovery of the $3.7 million infringement judgment. Specifically, the district court found that under California Civil

Code § 3439.04(a) and (b), the series of asset transfers from Teknek LLC and Teknek Electronics to Teknek Holdings were carried out with the clear intent to defraud SDI.

The district court considered the evidence regarding the timing of the transfers, Kennett and Hamilton's control of all three companies and ownership interests in the same percentages (Kennett at 85%, Hamilton at 15%), and their personal actions in effecting the transfers. The asset transfers orchestrated by Kennett and Hamilton started after the infringement suit was filed and continued throughout the trial that resulted in the $3.7 million judgment against the Original Defendants. This systematic transfer of virtually off of the assets from Teknek Electronics (where Kennett and Hamilton acted as the only officers and directors) and from Teknek LLC (where Kennett and Hamilton acted as the president and vice president) to the newly-created Teknek Holdings (where Kennett and Hamilton were the only owners and directors) left the Original Defendants undercapitalized and insolvent with a year, depriving SDI of its ability to collect its $3.7 million judgment. The district court found no evidence that either of the Original Defendants received anything in return for the asset transfers or that there was any consideration from Teknek Holdings. It noted that although there is no evidence of commingling of funds or shared bank accounts, there is ample evidence that Kennett and Hamilton fraudulently transferred assets from the Original Defendants to Teknek Holdings. Given such unity of interest and ownership, the district court found that the separate personalities of Teknek LLC and Teknek Electronics on the one hand and Teknek Holdings and Kennett and Hamilton on the other hand no longer exist. Further, it found that these transfers were made with the actual intent to defraud SDI as its creditor under California Civil Code § 3439.04, and the observance of the fiction of

separate existence despite these fraudulent transfers would, under the circumstances, sanction a fraud or promote injustice.

The Joined Defendants point to the lack of evidence of commingled funds or shared accounts to support their assertions on appeal that they are not alter egos of the Original Defendants. However, the factors relevant to whether there is unity of and identity of interest include inadequate capitalization and whether there are shared employees. Associated Vendors, Inc. v. Oakland Meat Co., 210 Cal. App. 2d 825, 837 (1962). "There is no required magic number of factors that must be met in order for alter ego liability to be imposed." Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist., No. S-05-583, 2007 WL 2384841, *8 (9th Cir. Aug. 17, 2007). But the Joined Defendants do not dispute the district court's findings with respect to the effect of the asset transfers on the undercapitalization of the Original Defendants. Nor do they dispute the identity of ownership and control that Kennett and Hamilton exercised over both the Original Defendants and Teknek Holdings. The Joined Defendants have not demonstrated that the district court clearly erred in finding that they are the alter ego of the Original Defendants.

The district court also found that the Joined Defendants had a sufficient opportunity to litigate in order to satisfy due process concerns. The Joined Defendants assert that if they had been sued in the original proceeding, "the case would have been defended differently, and the jury may have hesitated to award damages against individuals as opposed to faceless corporations." While Kennett and Hamilton did not participate in the litigation in their personal capacity, they were the sole stockholders, directors, and officers of the Original Defendants. It is difficult to imagine who else

could have controlled the underlying litigation, and Kennett and Hamilton do not provide any evidence otherwise.

Additionally, the Joined Defendants fail to indicate how their interests were not adequately or effectively represented in the underlying litigation, which is the ultimate question when determining whether due process prohibits application of an existing judgment to parties that did not officially participate in the underlying liability determination. See Dow Jones Co. v. Avenel, 151 Cal. App. 3d 144, 150 (1984) ("While appellants, themselves, technically were not given the opportunity to convince the trial court that material issues of fact did exist because they were not then named parties, they were able to do so through the vehicle of [named parties]."); Jack Farenbaugh & Son v. Belmont Constr., Inc., 194 Cal. App. 3d 1023, 1031 (1987) (emphasizing that newly added judgment debtor "was not a passive participant by any manner of means in the original trial" and thus "satisfie[d] the elements of fair trial as required by due process"). The Joined Defendants do not assert with much particularity any defect in the Original Defendants' infringement defense efforts. Here, the corporate entities Teknek Electronics and Teknek LLC fully defended their corporate interests and owners' interests throughout the underlying suit.

This case is readily distinguishable from Nelson v. Adams USA, Inc., 529 U.S. 460 (2000). In Nelson, the Supreme Court held that adding a third party officer or owner as a defendant to a judgment against his corporation, without the benefit of answering the complaint against him personally or litigating his own defenses, is a violation of that person's due process rights. Id. at 465-68. However, the Court emphasized that a key predicate of its holding was that the third party in that case,

Nelson, was a distinct legal entity from the named defendant, Ohio Cellular Products Corporation ("OCP"):

> The Federal Circuit did not conclude that these factors would have justified imposing liability on Nelson by piercing the corporate veil, and [plaintiff], for its part, has disavowed reliance on a veil-piercing theory. . . . One-person corporations are authorized by law and should not lightly be labeled sham.

Id. at 470-71. There, while OCP's due process rights were respected, Nelson's individual and separate due process rights were not. This is fundamentally different from the instant case where—based on extensive factual findings of fraud and other factors beyond simply unity of ownership or participation in, and control of, the litigation—the corporate veil was pierced, and the Joined Defendants were held to be alter egos of the Original Defendants. Their due process rights are thus identical to those of the Original Defendants. The Supreme Court in Nelson recognized this precise distinction.

The exercise of jurisdiction over an alter ego is compatible with due process because a corporation and its alter ego are the same entity—thus, the jurisdictional contacts of one are the jurisdictional contacts of the other for purposes of the International Shoe due process analysis. Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640, 653 & n.18 (5th Cir. 2002) (noting that "federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court"); see also Howard v. Everex Sys., Inc., 228 F.3d 1057, 1069 n.17 (9th Cir. 2000)

("Although jurisdiction over a subsidiary does not automatically provide jurisdiction over a parent . . . where the parent totally controls the actions of the subsidiary so that the subsidiary is the mere alter ego of the parent, jurisdiction is appropriate over the parent as well."); Minnesota Mining & Mfg. Co. v. Eco Chem Inc., 757 F.2d 1256, 1265 (Fed. Cir. 1985) (finding that the exercise of personal jurisdiction over a successor corporation with no ties to the forum state was appropriate when the successor corporation was a "mere continuation" of the predecessor corporation and exercise of personal jurisdiction would have been appropriate over the predecessor). The district court did not clearly err in determining that the Joined Defendants' procedural due process interests were satisfied in this case.

## II. Forum Non Conveniens

The Joined Defendants argue in the alternative that, even if they are subject to personal jurisdiction in California, the district court should have declined to add them to the Original Defendants' judgment on the basis of forum non conveniens.

A party seeking to dismiss based on forum non conveniens bears the burden of showing that there is an adequate alternative forum, and that the balance of private and public interest factors favor dismissal. Dole, 303 F.3d at 1118. Under Ninth Circuit law, we review the district court's decision whether to apply the doctrine of forum non conveniens for abuse of discretion. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1136 (9th Cir. 2003). Given the procedural posture of this case and this court's determination that the Joined Defendants were properly added to the verdict and judgment, we find that the district court did not abuse its discretion.

None of the Joined Defendants' arguments support the idea that it would be in anyone's private or public interest to jettison the untold hours of work already invested

in this case in California on the basis that the Original Defendants rendered themselves judgment proof by transferring the majority of their assets in the United States to the Joined Defendants in Scotland. Private interest factors, such as witness convenience and access to evidence, are not relevant at this point because trial proceedings have already concluded and judgment has already been entered. Public interest factors also favor California as a forum for enforcing the district court's judgment against the Joined Defendants. A United States district court has great interest in applying its own law to enforce its prior judgments, especially when assets are fraudulently transferred overseas to avoid those judgments. Accordingly, the district court's decision is affirmed.