NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1100

SYSTEMS DIVISION, INC.,

Plaintiff-Appellee,

v.

TEKNEK, LLC (by its Trustee, David Leibowitz),

Defendant-Appellant,

and

SHEILA HAMILTON, JONATHAN KENNETT,
and TEKNEK HOLDINGS, LTD.,

Defendants.

Edward F. O'Connor, O'Connor Christensen & McLaughlin, of Irvine, California, argued for plaintiff-appellee.

Steven B. Towbin, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, of Chicago, Illinois, argued for defendant-appellant.

Appealed from: United States District Court for the Central District of California

Judge David O. Carter

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1100

SYSTEMS DIVISION, INC.,

Plaintiff-Appellee,

v.

TEKNEK, LLC (by its Trustee, David Leibowitz),

Defendant-Appellant,

and

SHEILA HAMILTON, JONATHAN KENNETT,
and TEKNEK HOLDINGS, LTD.,

Defendants.

Appeal from the United States District Court for the Central District of California in case no. 00-CV-135, Judge David O. Carter.

_____

DECIDED:  October 29, 2008
_____

Before MAYER, SCHALL, and MOORE, Circuit Judges.

PER CURIAM.

Teknek, LLC, by the trustee of its bankruptcy estate, David Leibowitz, (Trustee) appeals from an October 12, 2007 order of the United States District Court for the Central District of California, No. SA CV 00-135 (the California Action), granting Systems Division, Inc.'s (SDI) motion to hold Teknek Holdings, Ltd., Sheila Hamilton, and Jonathan Kennett—the defendants in that case (collectively, Joined Defendants)—

in contempt, Docket No. 563 (<u>Contempt Order</u>). This appeal was originally consolidated with No. 2008-1099, which was brought by the Joined Defendants.

On February 29, 2008, SDI and the Joined Defendants settled in the California Action and the district court vacated the <u>Contempt Order</u> in full and with prejudice. California Action, Docket No. 595 (<u>Stipulated Settlement</u>). SDI and the Joined Defendants subsequently stipulated to the voluntary dismissal of the Joined Defendants' appeal, which the Trustee opposed. The Trustee's contention on appeal is that the now-vacated <u>Contempt Order</u> adversely affects his interests and he asks this court to vacate the order that the district court has itself already vacated. Because there is no effectual relief that we can grant to the Trustee, we <u>dismiss</u> this appeal as moot. Because the Trustee's appeal to this court is frivolous, we <u>impose sanctions</u> under Rule 38 of the Federal Rules of Appellate Procedure and order the Trustee and his attorneys to pay SDI's attorney fees and costs due to this appeal.

BACKGROUND

This is the fourth appeal from the California Action. SDI instituted the California Action by suing Teknek Electronics, Ltd. and Teknek, LLC (collectively, Original Defendants) for infringement of three patents relating to "clean machines" in 2000. Shortly after the California Action began, Hamilton and Kennett formed Teknek Holdings in Scotland, and as the litigation progressed, Hamilton and Kennett transferred the assets of the Original Defendants to Teknek Holdings, with no compensation in return.[1]

---

[1] Kennett and Hamilton are the sole owners and directors of Teknek Electronics, Ltd. (a Scottish company), Teknek, LLC (an Illinois company), and Teknek Holdings, Ltd. (a Scottish company).

In July 2004, a jury in the California Action found in favor of SDI, resulting in a total award of $3.7 million. SDI could not collect the judgment because, as a result of the asset transfers, the Original Defendants were insolvent. In 2005, Teknek Electronics filed an insolvency petition in the United Kingdom, and Teknek, LLC filed a Chapter 7 bankruptcy petition in Illinois. Over 99% of Teknek, LLC's liabilities belong to SDI as a now $4 million judgment creditor, including interest. On January 3, 2007, the district court granted SDI's motions to add the Joined Defendants to the 2004 judgment on an alter ego theory, and we affirmed that ruling on October 26, 2007. Sys. Div., Inc. v. Teknek Elecs., Ltd., 253 F. App'x 31 (Fed. Cir. 2007) (unpublished).

While the 2007 appeal was pending, SDI continued its efforts to collect the judgment in the California Action. On April 6, 2007, SDI moved to hold the Joined Defendants in contempt and asked the California court to issue an order with multiple types of sanctions. The Joined Defendants then agreed to satisfy the underlying judgment in the case plus interest, and the district court continued the hearing on the contempt motions to give the parties time to negotiate the details of the settlement. During that interval, the Trustee sought and obtained a preliminary injunction from the bankruptcy court purporting to bar SDI from collecting judgment in the California Action. Levey (in re Teknek, LLC) v. Sys. Div. Inc., No. 05-27545, 07-ap-0583 (Bankr. N.D. Ill. June 26, 2008) (Docket No. 13) (PI Order).

On October 12, 2007, the California court found the Joined Defendants and Teknek Holdings in contempt for various failures to appear for a judgment debtor examination. Contempt Order at 22-23. The Contempt Order enjoined the Joined Defendants and the Original Defendants from carrying out business in the United

States, and enjoined the same parties from transferring or disposing of their assets. Id. at 22.

The combination of the PI Order and the Contempt Order created a stalemate, and despite having won its judgment, SDI was unable to collect. Although it is not immediately apparent why it matters whether SDI collects straight from the Joined Defendants or through the bankruptcy estate, it does substantially affect SDI's ability to collect the judgment to which it is entitled. Had the Joined Defendants paid the $4 million to the bankruptcy estate, the Trustee would have taken approximately 25% ($1 million) as his contingent fee and then paid the remainder to SDI as a judgment creditor. SDI would then only recover $3 million of its $4 million judgment.

The Trustee's plan to divert SDI's judgment through the bankruptcy estate was derailed when, on December 21, 2007, the Northern District of Illinois vacated the bankruptcy PI Order. Teknek, LLC (in re Teknek, LLC) v. Sys. Div. Inc., No. 07 C 5229, 2007 U.S. Dist. LEXIS 94038 (N.D. Ill. Dec. 21, 2007) (NDI Decision). This permitted the Joined Defendants and SDI to settle directly, which they did. On February 29, 2008, the district court in the California Action recognized the satisfaction of SDI's judgment—including all pre- and post-judgment interest—entered the Stipulated Settlement, and vacated the Contempt Order in full and with prejudice. Stipulated Settlement at 2-3.

The Trustee then appealed the NDI Decision to the U.S. Court of Appeals for the Seventh Circuit, which heard oral argument on September 23, 2008 and appealed the vacated Contempt Order from the settled California action to us.

DISCUSSION

I.

We do not have jurisdiction to hear this appeal, as the issues raised are moot. "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed as moot." Nasatka v. Delta Sci. Corp., 58 F.3d 1578, 1580 (Fed. Cir. 1995) (quoting Church of Scientology v. United States, 506 U.S. 9, 12 (1992)); see Calderon v. Moore, 518 U.S. 149, 150 (1996) ("It is true, of course, that mootness can arise at any stage of litigation; that federal courts may not give opinions upon moot questions or abstract propositions; and that an appeal should therefore be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." (citations omitted)).

As we explained in Nasatka, "[t]he test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)." 58 F.3d at 1580-81 (citing Air Line Pilots Ass'n Int'l v. UAL Corp., 897 F.2d 1394, 1396 (7th Cir. 1990)). "In deciding whether this appeal must be dismissed as moot, we examine whether the decision of any disputed issue 'continues to be justified by a sufficient prospect that the decision will have an impact on the parties.'" Id. at 1581 (quoting Flagstaff Med. Ctr., Inc. v. Sullivan, 962 F.2d 879, 884 (9th Cir. 1992)).

In Nasatka, we reviewed a district court's dismissal without prejudice of Nasatka's patent infringement claim against Delta Scientific Corp. (Delta) for failure to conduct an adequate pre-filing investigation pursuant to Rule 11 of the Federal Rules of

Civil Procedure. Prior to the filing of Nasatka's appeal, on May 12, 1994, the district court granted Delta's motion for Rule 11 sanctions. Later, after the filing of the appeal, on July 5, 1994, the district court granted Nasatka's motion for reconsideration, rescinding the Rule 11 sanctions and finding that Nasatka had indeed conducted an adequate pre-filing investigation. Although the court reconsidered the adequacy of the investigation, the dismissal without prejudice remained in effect. Nasatka persisted in his appeal of the dismissal order despite the fact that he was free to refile his complaint.

We dismissed Nasatka's appeal as moot because a decision in his favor "could not afford him any relief more meaningful than that which Nasatka can obtain by simply refilling his complaint." Nasatka, 58 F.3d at 1581. Nasatka argued that "a ruling by this court that the pre-filing investigation as originally presented to the district court was adequate would benefit [his] legal interests in future proceedings in this case." Id. Nasatka was concerned that Delta could use the district court's dismissal against him in its motion for fees and costs pursuant to 35 U.S.C. § 285, and it sought a holding that the evidence he "originally presented to the district court in response to Delta's motion to dismiss demonstrated an adequate prefiling investigation for purposes of Rule 11." Id. We held that "the only relief which Nasatka seeks on appeal, has no bearing on Nasatka's right to proceed with this litigation or any sanction, it can make no difference to his legal interest." Id.

Just as in Nasatka, there is no effectual relief that we can grant to the Trustee in this case. The district court entered the Stipulated Settlement, while this appeal was pending and more than seven months prior to oral argument. In the Stipulated Settlement, the district court vacated the Contempt Order—now on appeal—in full and

with prejudice.  SDI argues that because of the <u>Stipulated Settlement</u>, this appeal must be dismissed as moot.  We agree.

According to the Trustee, the <u>Contempt Order</u> aggrieves him because it "effectively enjoins the Trustee from administering assets of the Debtor's Estate by preventing the Trustee from collecting the Estate's claims from those persons and entities named in the injunction provisions of the [<u>Contempt Order</u>], including the [Joined Defendants]."  Appellant's Br. 7.  In other words, the Trustee believes that the <u>Contempt Order</u> prevented him from completing his settlement with the Joined Defendants because the <u>Contempt Order</u> enjoined Teknek Holdings from transferring the $4 million to the bankruptcy estate.  The Trustee also believes that the <u>Contempt Order</u> "appears to have unduly influenced the [Northern District of Illinois], particularly with regard to" the factual and procedural background of the California Action. Appellant's Reply Br. 10.

The Trustee asks us to either vacate the already vacated <u>Contempt Order</u>, or to modify the vacated <u>Contempt Order</u> to "exclude the Trustee from its injunctive provisions"[2] and "delete all references to misrepresentations and fabrications of fact."  As best as we can determine, the Trustee wants us to first vacate the <u>Stipulated Settlement</u>, presumably reviving the now-vacated <u>Contempt Order</u>, and then revacate the <u>Contempt Order</u>.

---

[2]    The parties dispute the scope of the <u>Contempt Order</u>.  The order first lists Teknek, LLC among the parties enjoined, but then appears to except Teknek, LLC in a footnote.  The footnote states that although the district court believes that it should issue an injunction against the Trustee because of his attempts in bankruptcy court to interfere with SDI's recovery, the court nonetheless "recognizes the impropriety of interfering with the bankruptcy court's proceedings." <u>Contempt Order</u> at 22 n.12.  The scope of the injunction arguably has some bearing on the question of standing, but is not relevant to the issue of whether the appeal is moot, therefore, we do not address it.

By doing so, the Trustee believes that we would be granting them the relief of vacating the Contempt Order for the correct reason. Oral Arg. 14:00-14:09, available at http://oralarguments.cafc.uscourts.gov/mp3/2008-1100.mp3 ("[The Contempt Order] wasn't vacated because it was wrong; it wasn't vacated because it was improper; it was vacated because it fulfilled its purpose."). By vacating the Contempt Order for the correct reason, the Trustee argues, the Seventh Circuit will find the contents of the Contempt Order less compelling. Oral Arg. at 7:45-7:57 ("Even though the [Contempt Order] is vacated, [SDI is] using it in the Seventh Circuit—wholesale relying on it—to convince the Seventh Circuit that [the NDI Decision] was correct."). Thus, the Trustee concludes, even though "the Seventh Circuit certainly will deal with the consequences of the settlement, what we want to do your honor is prevent [the Contempt Order] from being used against us." Oral Arg. at 7:20-7:36.

The Trustee's appeal is moot because none of the remedies he requests grants him any effectual relief or makes any difference to his legal interest. The Contempt Order—indeed the entire California Action—has been dismissed in full and with prejudice. Whatever the injunctive effect of the Contempt Order might have been, that question is moot because the Contempt Order has no effect now. If it ever presented a barrier to negotiations between the Trustee and the Joined Defendants, it certainly does not now that it stands vacated. Any modification or duplicative vacatur of the Contempt Order can have no effect on the California Action. Thus, vacating the Contempt Order, or modifying the Contempt Order's injunctive effect provides no effectual relief to the Trustee.

As did Nasatka, the Trustee here wishes us to opine on the merits of a district court conclusion that no longer affects his legal interest. Nasatka asked us to hold that certain evidence relied upon by the district court was sufficient to constitute an adequate prefiling investigation—but such a determination would have had no impact on Nasatka. In essence, Nasatka wanted us to vacate the district court's determination for "the right reason"—the Trustee's argument is the same here. And as here, Nasatka argued that such a holding would beneficially impact a tangentially related legal proceeding. The Trustee's argument must fail just as Nasatka's did.

The vacatur or modification of the <u>Contempt Order</u> would not have any effect on the Trustee's legal interests with regard to the proceedings in the Seventh Circuit. We will not revisit the factual determinations underlying the <u>Contempt Order</u>, which were previously affirmed in this court. <u>Sys. Div., Inc.</u>, 253 F. App'x 31. Even assuming that there are "misrepresentations and fabrications of fact" in the <u>Contempt Order</u>, these alleged errors are only relevant to the proceedings in the Seventh Circuit, and the appropriate amount of weight given to factual findings recited in a vacated contempt order is a question relevant to those proceedings and to be answered by the Seventh Circuit.

Finally, the Trustee argues that we should couple our dismissal of his appeal with an explicit vacatur of the <u>Contempt Order</u> in accordance with <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36 (1950). In relevant part, the Supreme Court in <u>Munsingwear</u> noted that:

> [t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in <u>Duke</u>

> Power Co. v. Greenwood County, 299 U.S. 259, 267, to be "the duty of the appellate court." That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary.

Munsingwear, 340 U.S. at 41.

The Supreme Court emphasized that the Munsingwear decision does not create an inflexible rule. Rather, "from the beginning we have disposed of moot cases in the manner most consonant to justice in view of the nature and character of the conditions which have caused the case to become moot." U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 24 (1994). The Munsingwear vacatur is not appropriate here because the Trustee does not suggest that it desires further relitigation in the California Action. Nor does his suggested remedy eliminate a judgment in accordance with Munsingwear because the Contempt Order has already been vacated. Nor are the Trustee's rights in any way prejudiced by the now-vacated Contempt Order, the alleged effect of which is doubtful, and in any event is properly determined by the Seventh Circuit. Accordingly, we hold that this appeal is moot and must be dismissed for lack of jurisdiction.

II.

A. This Appeal is Frivolous

Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." The Trustee's appeal is frivolous because he persisted even when the appeal became incontrovertibly moot upon the issuance of the

2008-1100                                    10

Stipulated Settlement.  See Nasatka, 58 F.3d at 1582 ("By seeking to litigate to its appellate conclusion an obviously moot issue, Nasatka has clearly argued a frivolous appeal."  (citing Munson v. Antisdel, 982 F.2d 360, 361 (9th Cir. 1992) (dismissing appeal as moot and sanctioning appellant's attorney under Fed. R. App. P. 38))).

On February 20, 2008, SDI filed a motion to dismiss this appeal.  On March 7, 2008, in reply to the Trustee's opposition to the motion to dismiss, SDI noted the Stipulated Settlement.  The Trustee understood the importance of the Stipulated Settlement, but opposed dismissal.  In his motion for leave to file a supplemental exhibit, the Trustee acknowledged the Stipulated Settlement and argued that it cannot moot the appeal.  By an order issued on April 1, 2008, we dismissed SDI's motion and advised it to make its arguments in its brief, pursuant to Federal Circuit Rule 27(f).

On September 24, 2008, two weeks prior to oral argument, we advised the parties to be prepared to discuss whether the appeal is frivolous due to lack of jurisdiction.  At that point, the Trustee should have reconsidered his arguments, especially in light of our established practices:

> WARNING AGAINST FILING OR PROCEEDING WITH A FRIVOLOUS APPEAL OR PETITION.  The court's early decision in Asberry v. United States, 692 F.2d 1378 (Fed. Cir. 1982), established the policy of enforcing [Rule 38] vigorously.  Since then, many precedential opinions have included sanctions under the rule.  Damages, double costs, and attorney fees, singly or in varying combinations, have been imposed on counsel, parties, and pro se petitioners for pursuing frivolous appeals.

Federal Circuit Practice Note to Fed. R. App. P. 38.  Nonetheless, at oral argument, counsel for the Trustee offered no new arguments and was unfamiliar with our precedent on frivolousness, including the obviously relevant Nasatka.  Such a careless response to our notification pursuant to Rule 38 further militates toward our holding of

frivolousness because "a party whose case has been challenged as frivolous is expected to respond or to request dismissal of the case." Federal Circuit Practice Note to Fed. R. App. P. 38; see Abbs v. Principi, 237 F.3d 1342, 1351 (Fed. Cir. 2001) ("Appellants likewise failed at oral argument to show cause why sanctions should not be imposed. Even worse, appellants simply reiterated the baseless arguments made in their briefs.").

B. Sanctions Are Warranted

The Trustee failed to articulate any reasonable basis for the appeal other than the hope of a contingency fee recovery. We thus order that sanctions be imposed on the Trustee and on his attorneys, jointly and severally. To this end, we award for the maintenance of so frivolous an appeal the payment—by the Trustee and his attorneys personally to SDI—of the reasonable costs and attorneys' fees incurred in defending this appeal before this court after February 29, 2008, the date the California district court entered the Stipulated Settlement and vacated the Contempt Order. We impose these sanctions bearing in mind the rationale articulated in Finch v. Hughes Aircraft Co.:

> Appellate courts must consider the importance of conserving scarce judicial resources. A frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals. . . . The diversion of resources in our considering a frivolous appeal, on the possibility that a nonfrivolous contention might have been found lurking, delays access to the court by deserving litigants. . . . Sanctions under Rule 38 thus perform two vital functions: They compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration.

926 F.2d 1574, 1578 (Fed. Cir. 1991) (citations omitted).  The Trustee has dragged SDI through this appeal at great expense to both SDI and the judicial system with no prospect of a benefit to his legal interest; we must deter such behavior.

## CONCLUSION

Because we conclude that there is no effectual relief that we can grant to the Trustee, we dismiss this appeal as moot.  Because the Trustee's appeal to this court is frivolous, we impose sanctions and order the Trustee and his attorneys, jointly and severally, to pay SDI's attorney fees and costs expended due to this appeal after February 29, 2008.

### DISMISSED—SANCTIONS IMPOSED

### COSTS

Costs to be paid by the Trustee and his attorneys.