Plaintiff (AMI) complains that the Eastman Kodak Company (Kodak) has produced and distributed a version of office copier which infringes several of its patents relating to the internal operation of such machines. Kodak has distributed the copiers on a wide-scale commercial basis and numbers the United States Government among its customers. AMI now seeks reasonable compensation for the alleged infringement in two separate civil actions. In this court, it has brought suit against the United States pursuant to the authorization contained in 28 U.S.C. § 1498(a) (1976).[1] AMI has sued Kodak in federal district court[2] under the provisions of Title 35 of the United States *633 Code (1976).[3] The first action applies only to copiers which Kodak sold or leased to the United States; the second applies to the balance of Kodak’s allegedly infringing activities. Compare 28 U.S.C. § 1498(a) (1976) with 35 U.S.C. § 271(a) (1976).
The Government moves this court for summary judgment in the action filed herein, arguing that we lack subject matter jurisdiction over the claim. In the alternative, should we deny this motion, it requests that we stay the proceedings in this court until the district court action has been resolved. We reject the first motion and leave the second for consideration by the trial judge.
In Hughes Aircraft Co. v. United States, 209 Ct.Cl. 446, 458, 534 F.2d 889, 897 (1976), we stated: "By its express terms, 28 U.S.C. § 1498(a) vests exclusive jurisdiction in this court over patent infringement claims against the Government arising upon either one or both of the following two grounds: (1) unlicensed use or manufacture of a patented invention by the U.S. directly; and/or (2) unlicensed use or manufacture of a patented invention for the U.S. and with its authorization or consent.” Defendant contends, and we agree, that the United States cannot be deemed to have authorized or consented to Kodak’s alleged infringement of plaintiffs patents. This eliminates the second ground for taking jurisdiction. The Government’s briefs, however, wholly fail to negative the first ground, viz., "use by” the United States. Instead, "use” is virtually admitted — and quite obvious under the circumstances. Jurisdiction plainly exists. See, e.g., Bereslavsky v. Esso Standard Oil Co., 175 F.2d 148 (4th Cir. 1949); Hughes Aircraft Co. v. United States, 209 Ct.Cl. 446, 458, 466, 534 F.2d 889, 897, 902 (1976). See generally Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 341-344 (1928).
*634 Having resolved the motion for summary. judgment adversely to the Government, we next turn to its requests for a stay. AMI indicates in its brief that it "has no objections in principal” to a stay, but only for the period required to complete discovery in the district court action. Plaintiffs brief also notes a number of related procedural complications. We think that the wisest course at this stage would be to remit these various procedural matters — including the question of the stay — to the sound discretion of the trial judge who will be supervising the case upon remand. See Ct.Cl. Rule 13(c).[4]
Accordingly, after consideration of the submissions of the parties, without oral argument of counsel, defendant’s motion for summary judgment is denied. Defendant’s alternative motion for a stay of the proceedings is reserved for consideration by the trial judge. This cause is hereby remanded to the trial judge for appropriate action not inconsistent with the above.
On May 21, 1982 the case was moved to the U.S. Bankruptcy Court pursuant to Interim Bankruptcy Rule 7004(c).

 Section 1498(a) provides in pertinent part:
Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner’s remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.
For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government, and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States.

 Northern District of Illinois, Eastern Division, Civil Action No. 80 C 4016. The district court action was commenced upon the same date as the commencement of the action in this court: July 30, 1980.

 The key provisions are as follows:
1) § 271(a): "Except as otherwise provided in this title, whoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.
2) § 281: "A patentee shall have remedy by civil action for infringement of his patent.
3) § 284: "Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement. ...”
See also 28 U.S.C. § 1338(a) (1976).

 All other arguments raised by the Government, although not directly addressed by this order, have been examined and found to be without merit.