**Ralph G. NASATKA, Plaintiff–Appellant,**

v.

**DELTA SCIENTIFIC CORPORATION,
Defendant–Appellee.**

No. 94–1357.

United States Court of Appeals,
Federal Circuit.

July 7, 1995.

Rehearing Denied Aug. 21, 1995.

Joseph W. Berenato, III, Myers, Liniak & Berenato, Bethesda, MD, argued for plaintiff-appellant.

William J. Robinson, Graham & James, Los Angeles, CA, argued for defendant-appellee. With him on the brief was Mitchell P. Brook.

Before MICHEL, PLAGER and RADER, Circuit Judges.

MICHEL, Circuit Judge.

Ralph G. Nasatka appeals the February 14, 1994 order of the United States District Court for the Eastern District of Virginia, Docket No. 93-1420-A, dismissing without prejudice his infringement claim against Delta Scientific Corporation (Delta) for failure to conduct an adequate pre-filing investigation as required by Rule 11 of the Federal Rules of Civil Procedure. Because later proceedings in the district court rescinded the finding of inadequacy and resulting sanctions and thus mooted this appeal, we dismiss. Because Nasatka's appeal to this court became frivolous before briefs were due but after notice of appeal was filed, we grant Delta's request for sanctions under Rule 38 of the Federal Rules of Appellate Procedure and require Nasatka's attorney to pay Delta's attorney fees and costs expended due to this appeal.

## BACKGROUND

Nasatka filed suit against Delta in the Eastern District of Virginia alleging infringement of U.S. Patent No. 4,630,395 (the '395 patent) relating to vehicle security barricades. In response to interrogatories by Delta, Nasatka asserted that the infringing device was Delta's barricade model TT207FM, which according to testimony in an affidavit by Delta's president, is sold only to the United States government for use at the Pentagon. Nasatka did not identify any other infringing models at that time.

Delta moved for dismissal of Nasatka's infringement action on the ground that jurisdiction was improper pursuant to 28 U.S.C. § 1498 (1988) which requires that suits against manufacturers who produce goods for the government be filed against the government in the Court of Federal Claims. In his response to Delta's motion to dismiss, Nasatka raised for the first time the argument that jurisdiction in the district court could be properly based on Delta's sale of barricades to the World Trade Center in

New York City.[1] In reply, Delta requested that the district court dismiss this portion of the action because Nasatka had not conducted an adequate pre-filing investigation as required by Rule 11 of the Federal Rules of Civil Procedure.

In an amended order dated February 14, 1994, the district court dismissed the claims relating to the Pentagon barriers with prejudice for lack of jurisdiction. Nasatka does not appeal this portion of the court's order. The district court also dismissed the claims relating to the World Trade Center barriers without prejudice for failure to conduct an adequate pre-filing investigation. Nasatka requested reconsideration of this issue, which the district court denied on May 6, 1994. The court observed, "[t]here really isn't any prejudice to the plaintiff; he can refile it." Nasatka appeals this dismissal here.

When issuing the order dismissing the infringement claim, the district court kept the question of monetary sanctions against Nasatka under advisement. On May 12, 1994, the district court granted Delta's motion requiring Nasatka to pay attorney fees and costs under Rule 11 because: 1) Nasatka had filed a suit in the district court that he knew could only be filed against the United States in the Court of Federal Claims; 2) Nasatka had not cooperated in discovery; and 3) Nasatka had not conducted a sufficient pre-filing investigation with regard to the World Trade Center barriers.

However, on July 5, 1994, upon Nasatka's motion for reconsideration, the district court vacated the sanctions order based on its new conclusion that Nasatka had in fact conducted an adequate pre-filing investigation concerning the alleged infringement by the World Trade Center barriers. In spite of Nasatka's and his counsel's other faults, the court did not believe that sanctions were warranted absent an inadequate pre-filing investigation. In forming its conclusion that the investigation was adequate, the court relied on information submitted for the first time in Nasatka's motion for reconsideration asserting that Nasatka had obtained two opinions that the World Trade Center barriers infringed the '395 patent before filing suit. The court also stressed that much litigation could have been avoided if Nasatka had submitted this information earlier. Delta has filed in the district court a motion for an award of attorney fees and costs expended in this litigation in the trial court, pursuant to 35 U.S.C. § 285 (1988) and Fed.R.Civ.P. 54(d).

Although on July 5, 1994, the district court found that Nasatka had actually conducted an adequate pre-filing investigation, the February 14, 1994 dismissal without prejudice of the infringement claim relating to the World Trade Center barriers remained in effect. Nasatka appeals that order. We have jurisdiction over final orders and judgments in patent infringement cases pursuant to 28 U.S.C. § 1295 (1988).

## DISCUSSION

### I

■ If an event occurs while a case is pending on appeal that makes it impossible for the court to grant "any effectual relief whatever" to a prevailing party, the appeal must be dismissed as moot. *Church of Scientology v. United States,* — U.S. —, —, 113 S.Ct. 447, 449, 121 L.Ed.2d 313 (1992). The case ceases to present an actual case or controversy, thereby divesting the appellate court of jurisdiction. *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 600, 98 L.Ed.2d 686 (1988) ("Under Article III of the Constitution this Court may only adjudicate actual, ongoing controversies."); *Powell v. McCormack,* 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 1950 n. 7, 23 L.Ed.2d 491 (1969). "The test for mootness ... is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)." *Air Line Pilots Ass'n Int'l v. UAL*

1. When a manufacturer sells a product to both the government and a third party, the normal course of events is parallel patent infringement proceedings in the Court of Federal Claims for sales to the government in accordance with 28 U.S.C. § 1498 and in the district court for the nongovernmental sales. *AM Int'l, Inc. v. United States,* 227 Ct.Cl. 632, 632–33, 213 USPQ 717, 718, 1981 WL 21407 (1981).

*Corp.*, 897 F.2d 1394, 1396 (7th Cir.1990). In deciding whether this appeal must be dismissed as moot, we examine whether the decision of any disputed issue "continues to be justified by a sufficient prospect that the decision will have an impact on the parties." *Flagstaff Med. Ctr., Inc. v. Sullivan,* 962 F.2d 879, 884 (9th Cir.1992).

■ Nasatka filed this appeal on June 6, 1994, before the district court had issued its reconsideration decision rescinding sanctions. At the time of filing, a reversal by this court would have relieved Nasatka of conducting any further pre-filing investigation, which arguably could be characterized as effectual relief having an impact on the parties. However, once the district court issued its reconsideration decision lifting all sanctions and finding, based on later-submitted evidence, that after all Nasatka's pre-filing investigation was adequate, the situation changed drastically.

At this point, a decision by this court in favor of Nasatka could not afford him any relief more meaningful than that which Nasatka can obtain by simply refiling his complaint, as he is free to do given that it was dismissed without prejudice. In light of the district court's reconsideration decision that Nasatka's pre-filing investigation was adequate, he can have no legitimate fears of his complaint again being dismissed on that ground. Thus, Nasatka is free to proceed with this suit without any relief from this court. A decision for Nasatka in this appeal would only provide a holding that the evidence which he *originally* presented to the district court in response to Delta's motion to dismiss demonstrated an adequate pre-filing investigation for purposes of Rule 11. Because such a holding, the only relief which Nasatka seeks on appeal, has no bearing on Nasatka's right to proceed with this litigation or on any sanction, it can make no difference to his legal interest.

■ Nasatka argues that a ruling by this court that the pre-filing investigation as orig-inally presented to the district court was adequate would benefit its legal interests in future proceedings in this case. According to Nasatka, this appeal is not moot because Delta has filed a motion in the district court under 35 U.S.C. § 285 for attorney fees and costs as the prevailing party. In Nasatka's view, a ruling in its favor would preclude Delta from claiming it had prevailed in the proceedings before the trial court and, therefore, would clarify that Delta is not entitled to fees and costs. However, Delta's motion for attorney fees in the district court and the arguments that Delta may make in that motion are irrelevant to whether this appeal seeking reversal of the order dismissing Nasatka's original complaint became moot before being submitted for decision here. Once refiled, Nasatka's suit may proceed regardless of the district court's eventual decision on Delta's motion. If the district court grants Delta's motion, Nasatka's recourse is to appeal that order. Any opinion by us at this point as to whether Nasatka's original pre-filing investigation was adequate would be premature as the trial court has not yet ruled and thus purely advisory and, therefore, prohibited.

■ In effect, Nasatka seeks our blessing on an issue that no longer has any impact on the further progress of this case at the trial court and is as moot there as here. Nasatka belatedly represented to the district court that he had conducted a much more thorough investigation than that on which the court ruled in the February 14, 1994 order. Only that representation of the more thorough investigation is relevant to any further proceedings in the district court because, once admitted, it supersedes Nasatka's original and apparently incomplete description of his pre-filing investigation. For these reasons, the question of the adequacy of Nasatka's pre-filing investigation as originally described to the district court is moot. Therefore, this appeal is moot and must be dismissed for lack of jurisdiction.[2]

---

2. Because the issue of whether the evidence originally presented by Nasatka to the district court demonstrates an adequate pre-filing investigation has not been resolved, we simply dismiss this appeal and leave the February 14, 1994 order standing, rather than vacate and remand with directions to dismiss that order, as is typical when a case is mooted. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950). In addition, it is inap-

## II

### A.

■ Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." [3] By seeking to litigate to its appellate conclusion an obviously moot issue, Nasatka has clearly argued a frivolous appeal. *See Munson v. Antisdel*, 982 F.2d 360, 361 (9th Cir. 1992) (dismissing appeal as moot and sanctioning appellant's attorney under Fed. R.App.P. 38).

Even assuming that Nasatka's appeal was legitimate when filed, that appeal became obviously moot and, therefore, frivolous when the district court, in light of additional evidence of the investigation submitted by Nasatka, reversed its finding that the pre-filing investigation was inadequate. Nasatka's only proper course of action at that point was to voluntarily move for dismissal of this appeal and then refile his complaint in the district court.

Moreover, Nasatka was encouraged by us and the district court to follow that course. In a December 6, 1994 order on Delta's motion for dismissal of the appeal, this court advised Nasatka to refile the claim relating to the World Trade Center barriers if, as was indeed the case, he was not challenging the dismissal with prejudice of the claim relating to the Pentagon barriers:

In the event that Nasatka is seeking review only of this portion of the judgment, it is unclear why Nasatka does not refile his complaint and voluntarily dismiss his appeal.

The district court had observed in its May 6, 1994 decision denying reconsideration that Nasatka suffered no prejudice because he could refile his complaint. By making clear Nasatka's proper course, these warnings accentuate the frivolity of Nasatka's persistence in this appeal after July 5, 1994.

Our comments in *Finch v. Hughes Aircraft Co.* are especially pertinent in demonstrating the rationale for imposing sanctions in this frivolous appeal:

[A]ppellate courts must consider the importance of conserving scarce judicial resources. A frivolous appeal imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals.... The diversion of resources in our considering a frivolous appeal, "on the possibility that a non-frivolous contention might have been found lurking," delays access to the court by deserving litigants.... Sanctions under Rule 38 thus perform two vital functions: They compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration.

926 F.2d 1574, 1578, 17 USPQ2d 1914, 1918 (Fed.Cir.1991) (citations omitted).

From the time of the district court's reconsideration finding in July 1994 that Nasatka had indeed completed an adequate pre-filing investigation and onward, Nasatka's pursuit of this appeal unnecessarily wasted scarce judicial resources and imposed costs on the appellee, Delta, by seeking a ruling on an issue already decided in its favor. Accordingly, the appellee, Delta, is awarded its costs and reasonable attorney fees for this appeal assessed against Nasatka's counsel as just damages under Fed.R.App.P. 38. Counsel, not client, must pay damages here because the pursuit of this appeal served to protect counsel more than client.

---

propriate to vacate an entire case when only the issues raised on appeal but not the entire case, have been mooted. *Crowell v. Mader*, 444 U.S. 505, 506, 100 S.Ct. 992, 992, 62 L.Ed.2d 701 (1980). Such is the situation here where the district court's February 14, 1994 dismissal of Nasatka's claim based on the Pentagon barriers has not been mooted.

**3.** By order dated June 14, 1995, this court provided Nasatka with notice that it was considering imposing sanctions under Fed.R.App.P. 38 on the ground that the appeal became moot before being taken under submission and indeed before briefs were due, and allowing him fourteen days to respond, which he did.

### B.

Nasatka contends that Delta has failed to provide clear argument and citation to the record in support of its request for sanctions, as required by *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 863, 20 USPQ2d 1252, 1263 (Fed.Cir.1991), *cert. denied*, 504 U.S. 980, 112 S.Ct. 2957, 119 L.Ed.2d 579 (1992). *Biodex* requires that assertions of frivolity be accompanied by citation to the opposing brief and the record below, and clear argument as to why those citations establish the allegedly frivolous nature of the appeal. *Id.* An assertion of frivolity that is nothing more than a "mere incantation of Rule 38" can itself be frivolous. *Id.* However, we conclude that Delta has met the burden imposed by *Biodex.* Although Delta requests that this court hold Nasatka's appeal frivolous on only the last page of its brief, the brief refers to the frivolous nature of this appeal in at least three other locations. Appellee's Brief at 4, 28 n. 16 and 31. Most importantly, Delta argues that the appeal is frivolous in light of Nasatka's ability to simply refile with no harm. Appellee's brief at 4, 28 n. 16. Furthermore, in accordance with *Biodex*, Delta has responded to the arguments raised by Nasatka with citations to the record and the law to show that Nasatka's arguments have no basis. *See, e.g.*, Appellee's brief at 29 (arguing that Nasatka's post-filing investigations are irrelevant to the Rule 11 inquiry).

### CONCLUSION

Nasatka's appeal is dismissed as moot because a ruling that his pre-filing investigation as originally presented to the district court was adequate could afford him no meaningful relief beyond that which he could simply gain by refiling his complaint in the district court. Because Nasatka has persisted in frivolously pursuing an obviously moot appeal, sanctions are imposed on his attorney which require the attorney to pay Delta's costs and reasonable attorney fees on appeal incurred after July 5, 1994.

*DISMISSED—SANCTIONS IMPOSED*

### COSTS

Costs to be paid by Nasatka.