NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BIOPOLYMER ENGINEERING, INC. (doing business as Biothera),**
*Plaintiff-Appellant,*

**and**

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY,**
*Plaintiff,*

**v.**

**IMMUNOCORP and BIOTEC PHARMACON ASA,**
*Defendants.*

---

2010-1096

---

Appeal from the United States District Court for the District of Minnesota in case no. 05-CV-0536, Judge Joan M. Ericksen.

---

Before RADER, *Chief Judge*, BRYSON and MOORE, *Circuit Judges.*

RADER, *Chief Judge.*

## ORDER

Biopolymer Engineering, Inc. (Biothera) responds to the court's order directing it to respond whether this case

should be dismissed for lack of a case or controversy. Biothera requests that the court rule that the appeal is not moot or, in the alternative, vacate the January 28, 2009 order of the United States District Court for the District of Minnesota granting summary judgment of noninfringement.

Biothera brought suit alleging that Immunocorp and Biotec Pharmacon ASA (Biotec) infringed 14 of Biothera's patents. Both parties filed summary judgment motions concerning one of the patents in suit, United States Patent No. 5,702,719 (the '719 patent), and the district court granted Biotec's motion for summary judgment that the '719 patent was not infringed. While the case was pending in the district court, the parties entered into a settlement agreement. Pursuant to the terms of the settlement agreement, the district court entered judgment of noninfringement, and Biothera appealed.

Biotec submitted to this court a letter indicating that, pursuant to the settlement agreement, it had agreed not to participate in this appeal. The court then directed Biothera to show cause why this case should not be dismissed as moot due to lack of a case or controversy.

Biothera asserts that this appeal is not moot because "[a] very real and current controversy exists as to whether defendants' products infringe the '719 patent." Biothera states that this appeal "will directly decide the legal rights between Biothera and the defendants. If Biothera fails to prevail in its appeal, the judgment of non-infringement of all of Defendant's accused products will become final. However, if Biothera prevails in its appeal, the judgment of non-infringement will be reversed or vacated."

A settlement agreement does not necessarily result in mootness of an appeal. In *Havens Realty Corp. v. Cole-*

*man*, 455 U.S. 363 371 (1982), the United States Supreme Court determined that a case was not moot although the parties had reached a letter agreement, subject to the approval of the district court, that established damages contingent on the outcome of the Supreme Court case. The court stated that "respondents continue to seek damages . . . . Given respondents' continued active pursuit of monetary relief, this case remains 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Id.* With respect to a party that had sought only injunctive relief in the district court, the court noted that the case was not moot because "the letter agreement, under which HOME agreed not to seek any further injunctive relief and which involves settlement of an uncertified class action, is still subject to the approval of the District Court." *Id.* at 371, n.10. *See also Nixon v. Fitzgerald*, 457 U.S. 731, 744 (1982) (liquidated damages agreement reached during pendency of case did not result in mootness where parties still had "a considerable financial stake in the resolution of the question presented in this Court").

However, if by reason of settlement or other circumstance a court can no longer grant effectual relief, a case becomes moot and must be dismissed. *See Mills v. Green*, 159 U.S. 651, 653 (1895) ("when . . . an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal"); *see also Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1580-81 (Fed. Cir. 1995) (if event occurs that makes it impossible for court to grant any effectual relief, "the appeal must be dismissed as moot").

Much of Biothera's response is marked as confidential. However, without revealing information marked by

Biothera as confidential, the court determines, based on Biothera's response and the court's review of the settlement agreement, that this court cannot grant any effectual relief to Biothera. Biothera has not shown that any claim for monetary or other relief is contingent on this court's determination. Under these circumstances, this case does not present a "definite and concrete [case or controversy], touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). In this case, because the court cannot grant Biothera any effectual relief, there is no case or controversy and the appeal must be dismissed.

In the alternative, Biothera requests that the court vacate the district court judgment. In *U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994), the Supreme Court held that when a case becomes moot due to settlement, vacatur is not justified in the absence of exceptional circumstances. In this case, Biothera has not shown that exceptional circumstances warrant vacatur. Thus, the request is denied.

Accordingly,

IT IS ORDERED THAT:

Biothera's request that the court rule that the appeal is not moot and alternative request that the court vacate the district court judgment are denied. The appeal is dismissed as moot.

FOR THE COURT

AUG 2 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 02 2010

JAN HORBALY
CLERK

cc: Darren B. Schwiebert, Esq.
    Susan A. Cahoon, Esq.

s17