NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROLEX WATCH U.S.A., INC.,**
*Appellant,*

v.

**AFP IMAGING CORPORATION,**
*Appellee.*

---

2012-1260
(Opposition No. 91188993)

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

## ORDER

Before PROST, MAYER and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

Rolex Watch U.S.A., Inc. ("Rolex") responds to the court's order directing it to show cause as to why its appeal should not be dismissed as moot.

As Rolex notes, the court's previous order incorrectly stated that Rolex had withdrawn its opposition to AFP Imaging Corporation's ("AFP") trademark application. Instead, AFP withdrew the application that Rolex opposed. The result is the same. The appeal is moot.

Rolex argues that the Trademark Trial and Appeal Board ("Board") no longer had jurisdiction to act on AFP's withdrawal. No action by the Board is necessary. By withdrawing its application, AFP has removed any case or controversy for this court to resolve.

"If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed as moot." *See Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578 (Fed. Cir. 1995) (citation omitted). In hearing this appeal, the court could affirm, reverse, or vacate the Board's dismissal of Rolex's opposition. Any outcome would be meaningless legally, because the opposed registration has been withdrawn. "The test for mootness . . . is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)." *Id.* (quotation omitted).

Additionally, Rolex's argument that the case involves an important issue with respect to the evaluation of survey evidence submitted to prove likely dilution of a famous and unique mark under the Trademark Dilution Revision Act is unavailing. It is well settled that a party's desire to press a particular legal position in order to benefit others is not enough to prevent a case from being moot when there is no continuing case or controversy between the parties before the court. *See Alvarez v. Smith*, 130 S.Ct. 576, 580-81 (2009) (dismissing abstract legal dispute as moot where law was no more likely to impact plaintiffs in the future than any other citizens).

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each party shall bear its own costs.


FOR THE COURT


__AUG 14 2012__                      /s/ Jan Horbaly
        Date                         Jan Horbaly
                                     Clerk

cc:  Gary D. Krugman, Esq.
     Norman H. Zivin, Esq.

s25

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 4 2012

JAN HORBALY
CLERK