NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————

**CIGAR KING, LLC,**
*Appellant,*

**v.**

**CORPORACION HABANOS, S.A. AND EMPRESA CUBANA DEL TABACO (doing business as Cubatabaco),**
*Appellees.*

———————

2013-1531

———————

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Cancellation No. 92053245.

———————

Decided: May 23, 2014

———————

FRANK HERRERA, H New Media Law, of Delray Beach, Florida, argued for appellant.

DAVID B. GOLDSTEIN, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., of New York, New York argued for appellees.

———————

Before PROST, MAYER, and HUGHES, *Circuit Judges.*

PROST, *Circuit Judge.*

Cigar King, LLC, appeals from the final judgment of the United States Patent and Trademark Office Trademark Trial and Appeal Board ("Board") cancelling two of Cigar King's trademark registrations. *Corporacion Habanos S.A. v. Cigar King, Ltd.*, Cancellation No. 92053245, 2013 WL 6056505 (T.T.A.B. June 12, 2013) ("*Board Decision*"). For the reasons that follow, we dismiss this appeal as moot.

BACKGROUND

Cigar King obtained registrations for the marks "HAVANA SOUL" and "HABANA LEON," Registration Nos. 3,207,740 and 3,207,741, respectively, for "cigars made with Cuban seed tobacco" on February 13, 2007. On November 1, 2010, appellees Corporacion Habanos, S.A. and Empresa Cubana Del Tabaco (doing business as Cubatabaco) ("Habanos") filed a petition for cancellation on the grounds that both marks are geographically deceptive and deceptively misdescriptive.

On January 11, 2011, after Cigar King failed to respond to the petition, the Board issued a Notice of Default to show cause why default judgment should not be entered. Over a month later, on February 24, 2011, Cigar King moved to set aside the default and filed its Answer and Counterclaims shortly thereafter. On April 28, 2011, the Board set aside its Notice of Default.

In September 2011, Habanos served discovery requests on Cigar King. After Cigar King failed to respond in any way, the Board granted Habanos' motion to compel. The Board ordered Cigar King to take several specific actions within thirty days, and warned that "[i]f respondent does not comply with this order, petitioners' remedy is to file a motion for sanctions under Trademark Rule 2.120(g)(1)." J.A. 53 n.18. When Cigar King did,

indeed, fail to comply with the order, Habanos filed a motion for sanctions, including entry of judgment.

Cigar King's entire response to the motion for sanctions was as follows:

> 1. Registrant conducted a thorough search of its records for responsive documents.

> 2. Registrant has no other responsive documents.

> Registrant voluntarily takes the sanction of having all of its affirmative defenses stricken with the exception of the affirmative defense that Petitioners lack standing. Registrant also voluntarily accepts that it will not be able to rely upon certain documents requested but not produced as evidence in this matter relating to the first two elements of Petitioners' 2(e)(3) claim. Registrant merely requests that it be given the opportunity to post a defense that Petitioners' [sic] lack standing and to defend against the third and final element of the Petitioners' [Section] 2(e)(3) claim.

*Board Decision*, 2013 WL 6056505, at *2 (quoting Cigar King's response). In effect, Cigar King agreed that it should be sanctioned, and sought only to challenge Habanos' standing.

The Board found that Cigar King had refused to comply with many of the requirements of the order to compel, and concluded that entry of judgment against Cigar King was necessary to remedy its "willful noncompliance" and "deliberate action to impair petitioner's ability to present its case." *Id.* at *3. The Board therefore concluded: "[t]he petition to cancel is granted, judgment is hereby entered against respondent, and Registration Nos. 3207740 and 3207741 will be cancelled in due course." *Id.* Cigar King filed a notice of appeal to this court on that same day.

Subsequent to the notice of appeal, the Board cancelled both of the registrations at issue in this case because Cigar King failed to file affidavits certifying that the marks are still in use, as required by Section 8 of the Lanham Act, 15 U.S.C. § 1058. J.A. 141, 149.

We have jurisdiction pursuant to 15 U.S.C. § 1071.

### DISCUSSION

Cigar King argues that Habanos did not have standing to challenge its marks because, as Cuban nationals who are legally foreclosed from selling their products in the United States, they have neither a "real interest" in the proceedings nor a "reasonable basis" for its belief of damage. Cigar King never presented this argument below because its marks were cancelled as a sanction for failure to comply with the Board's discovery order prior to reaching the merits. Thus, although Cigar King does not present it this way, Cigar King's argument requires a finding that the Board abused its discretion in granting judgment as a sanction, and Cigar King therefore should have been permitted to present its standing argument in an adjudication on the merits of the cancellation proceeding. Habanos responds that this court need not address Cigar King's arguments because the appeal became moot when Cigar King's registrations were cancelled for failure to file Section 8 affidavits. We agree with Habanos.

"The test for mootness . . . is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)." *Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1581 (Fed. Cir. 1995) (citation omitted). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed as moot." *Id.* (internal quotation marks omitted). That is precisely what occurred here. Indeed, Cigar King does not dispute

that it failed to file the mandatory Section 8 affidavit for either registration at issue in this case, nor that the marks were cancelled for that reason. Thus, even if we were to agree with Cigar King on the merits, and reverse the Board's judgment against Cigar King (a question on which we offer no opinion), the marks would remain cancelled.[1] This appeal is therefore moot.

The only question that remains, therefore, is whether the Board's underlying judgment should be vacated. We conclude that it should not. The Supreme Court has advised that vacatur of a judgment that becomes moot on appeal is appropriate when the appeal became moot through "happenstance" or "where mootness results from the unilateral action of the party who prevailed in the lower court." *U.S. Bancorp. Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994). Where "the party seeking relief from the judgment below caused the mootness by voluntary action," however, "the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur." *Id.* at 24-25. In this case, it was undisputedly Cigar King's unilateral action of failing to file mandatory Section 8 affidavits that rendered the appeal moot. We conclude that Cigar King

---

[1] We are not persuaded that the Board's June 12, 2013 Judgment effectively "deemed" the marks cancelled, such that Cigar King was not required to file its Section 8 affidavits. To the contrary, the Board's Manual of Procedure § 806 specifies that the Director shall not cancel a registration pursuant to a Board decision granting cancellation until the proceeding has become final, which does not happen until after any appeals have been determined. Consistent with those rules, because Cigar King had filed a timely appeal, the Director had not cancelled the registrations based on the June 12 Judgment.

should not be permitted to benefit from that action by avoiding the collateral consequences of the Board's judgment, which resulted from Cigar King's own "willful noncompliance" with the Board's orders. We thus decline to vacate the Board's judgment.

## CONCLUSION

For the foregoing reasons, we dismiss Cigar King's appeal as moot and decline to vacate the Board's judgment.

## DISMISSED AS MOOT