**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID J. MCCAULEY, | DOCKET NUMBER |
| Appellant, | CH-3443-14-0099-B-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: September 13, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David J. McCauley, Saint Charles, Missouri, pro se.

Janet M. Kyte, Hines, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We also FORWARD the appellant's allegation that his resignation of November 1, 2013, constituted a constructive removal to the Board's Central Regional Office for docketing as a separate adverse action appeal.

¶2 The appellant appealed the agency's decision not to select him for a title 38 Medical Support Assistant (MSA) position (vacancy announcement STL‑T38H‑13‑911450). He alleged that the agency, in not selecting him, did not properly consider his status as a veteran. Initial Appeal File, Tab 1. Five positions were to be filed under this merit promotion vacancy announcement. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-2, Appeal File (I‑2 AF), Tab 11. During proceedings below, the agency reported, among other things, that due to a clerical error, the appellant and four other veterans were not included on the certificate used to make selections for multiple MSA positions. The agency proposed the following as a reconstruction remedy: (1) the agency would hold the preliminary selections in abeyance; (2) a certificate would be created to include the appellant and the four other veterans; (3) the certificate would be forwarded to the hiring authority; and (4) the appellant and the four other veterans would be offered interviews. The administrative judge

dismissed the appeal without prejudice to allow the agency to proceed with the reconstruction remedy. I‑2 AF, Tab 15.

¶3      The appellant refiled the appeal, alleging that the agency failed to fulfill its obligations in the reconstructed selection process and that he was interviewed for another position at a lower pay grade. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-3, Appeal File (I‑3 AF), Tab 1. The administrative judge issued an initial decision noting the following: (1) the appellant was interviewed for an MSA position; (2) he was informed that he had been selected for one of the MSA positions; (3) he declined the offer; and (4) the details of the offered position were the same as one of the positions for which he initially had applied. I‑3 AF, Tab 9, Initial Decision (ID). The administrative judge found that the agency complied with all of its obligations under the agreed-upon reconstruction remedy and that the appellant was therefore provided with a lawful selection process. ID at 6‑7. The administrative judge denied the appellant's request for corrective action, finding that he was not denied a meaningful opportunity to compete for the MSA position and he did not demonstrate that his initial nonselection violated one or more of his statutory or regulatory veterans' preference rights. ID at 7‑8.

¶4      The appellant filed a petition for review. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-3 Petition for Review File, Tab 1. In a nonprecedential decision, the Board found that the administrative judge did not give the appellant adequate notice of the jurisdictional requirements for a veterans' preference appeal or a right‑to‑compete appeal. It therefore vacated the initial decision and remanded the appeal for the administrative judge to give proper jurisdictional notice for a veterans' preference appeal and a right‑to‑compete appeal. The Board noted that, even if the agency complied with each of the terms of the reconstruction remedy, the administrative judge must still determine whether, through the agency's

reconstructed selection process, the appellant received all the relief to which he would have been entitled if he had prevailed on his Veterans Employment Opportunity Act claim before the Board. *McCauley v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-14-0099-I-3, Final Order (July 8, 2015).

¶5 On remand, the administrative judge provided the appellant with the appropriate jurisdictional notice and afforded the parties an opportunity to submit additional evidence and argument. Remand File, Tab 2. She found that the appellant established jurisdiction over his appeal. Remand Initial Decision (RID) at 4. She found again that: (1) the appellant was interviewed for an MSA position; (2) he was informed that he had been selected for one of the MSA positions; (3) he declined the offer; and (4) the details of the offered position were the same as one of the positions for which he initially had applied. RID at 5-7. She also found that the agency met its obligation of reconstructing the selections process and did not violate the appellant's right to compete during the reconstructed hiring process. *Id*. She further found that the appellant obtained all of the relief to which he was entitled. RID at 7. She thus dismissed the appeal as moot. RID at 7‑8.

¶6 In his petition for review, the appellant alleges that, because the agency told him that he could only apply for nationally advertised vacancies, rather than local vacancies, he was deprived from actively applying for other vacancies.[2] Remand Petition for Review (RPFR) File, Tab 1.[3]

---

[2] In his petition, the appellant reiterates a request made during the course of the appeal, that his separate appeal alleging reprisal for whistleblowing activity be joined with this appeal. The Board denied the appellant's request in its remand decision. McCauley v. Department of Veterans Affairs, MSPB Docket No. CH–3443–14–0099–I–3, Final Order, ¶ 2 n.2 (July 8, 2015). Moreover, the Board already issued a nonprecedential final order in the appellant's whistleblowing appeal. McCauley v. Department of Veterans Affairs, MSPB Docket No. CH–1221–14–0721–W–1, Final Order (Feb. 18, 2016). The appellant's further rights to review of that decision are set forth in the Board's final order.

3 The appellant attached documents to the petition for review to show that he is a resident of the state of Missouri. RPFR, Tab 1. Under 5 C.F.R. § 1201.115, the Board

¶7    To establish VEOA jurisdiction over a right-to-compete claim, the appellant must show that he exhausted his remedy with the Department of Labor and make nonfrivolous allegations that he is a veteran described in 5 U.S.C. § 3304(f)(1), the agency denied him the right to compete under merit promotion procedures for a vacant position for which the agency accepted applications from outside its own workforce, and the denial occurred on or after December 10, 2004, the effective date of the relevant amendment to section 3304.  *Styslinger v. Department of the Army*, 105 M.S.P.R. 223, ¶ 31 (2007).   For an appellant to meet VEOA's requirement that he exhaust his remedy with DOL, he must establish that:  (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint.  *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 7 (2007); *see* 5 U.S.C. § 3330a(d)(1) ("If the Secretary of Labor is unable to resolve a complaint under subsection (a) within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board.").   Further, an appellant need not state a claim upon which relief may be granted for the Board to have jurisdiction over a VEOA claim.   *Cruz v. Department of Homeland Security*, 98 M.S.P.R. 492, ¶ 6 (2005).

¶8    The Board has found that allegations of a VEOA violation should be liberally construed.  *See Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶ 12 (2009).   In cases of nonselection under VEOA, the Board typically determines whether an appellant has exhausted his remedy with DOL based on whether he submitted a complaint to DOL asserting that the agency violated his rights in connection with a specific position or vacancy announcement.  *See, e.g.*,

---

will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  Avansino v. U.S. Postal Service, 3 M.S.P.R. 211, 214 (1980). The appellant has made no such showing.  In any event, whether the appellant is a resident of Missouri is immaterial to the disposition of this appeal.

*Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 16 (2009); *Gingery v. Department of the Treasury*, 110 M.S.P.R. 83, ¶ 16 (2008).  Because Board precedent requires that VEOA allegations be broadly construed and because the appellant filed a complaint with DOL essentially alleging that the agency violated his right to compete in connection with vacancy announcement STL‑T38H‑13‑911450, we agree with the administrative judge that the appellant has exhausted his remedy with DOL.  *See, e.g.*, *Weed*, 112 M.S.P.R. 323, ¶ 12.

¶9        We also agree with the administrative judge's disposition of the appeal, dismissing it as moot.  The mootness doctrine, which stems from the "case or controversy" requirement of Article III of the Constitution, is jurisdictional in nature.  *See Nasatka v. Delta Scientific Corp.*, 58 F.3d 1578, 1580 (Fed. Cir. 1995).  Although the Board is not an Article III court, it is governed by an analogous statutory provision that prohibits it from issuing advisory opinions. *See* 5 U.S.C. § 1204(h).  A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the case. *Powell v. McCormack*, 395 U.S. 486, 496-98 (1969); *Horner v. Merit Systems Protection Board*, 815 F.2d 668, 670‒71 (Fed. Cir. 1987); *see Occhipinti v. Department of Justice*, 61 M.S.P.R. 504, 507 (1994).  Mootness can arise at any stage of litigation, and an appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief whatever in favor of the appellant, viz., when the appellant, by whatever means, obtained all of the relief he could have obtained had he prevailed before the Board, and thereby lost any legally cognizable interest in the outcome of the appeal.  *See Perisho v. U.S. Postal Service*, 69 M.S.P.R. 55, 58 (1995); *Gonzalez v. Department of Justice*, 68 M.S.P.R. 439, 441 (1995); *see also Gingery*, 110 M.S.P.R. 83, ¶ 17.

¶10       Put another way, once Board jurisdiction has attached, it cannot be extinguished based on mootness unless the appellant has received all of the possible relief he sought before the Board, i.e., unless it is impossible for the

Board to grant any further effectual relief. *See Dalton v. Department of Justice*, [66 M.S.P.R. 429](#), 434 (1995). The available remedy need not be "fully satisfactory" to avoid mootness: a partial remedy is sufficient. *Calderon v. Moore*, [518 U.S. 149](#), 150, 116 (1996). Thus, the availability of even a partial remedy is sufficient to prevent a case from being moot. *Id*.

¶11 Here, we find that the appellant has obtained all of the relief he could have obtained had he prevailed on his VEOA claim before the Board. *See Perisho*, 69 M.S.P.R. at 58. Accordingly, it is impossible for the Board to grant any further effectual relief as to vacancy announcement STL‑T38H‑13‑911450. *See Nasatka*, 58 F.3d at 1580; *Wheeler v. Department of Defense*, [113 M.S.P.R. 376](#), ¶ 18 (2010) (finding that, because the appellant's assertions that the agency violated his right to compete during the reconstructed hiring process were without merit, he had obtained all of the relief he could have obtained had he prevailed on his VEOA claim before the Board). The appeal is therefore moot.

¶12 We find that the appellant's assertion that, because the agency told him that he could only apply for nationally advertised vacancies, rather than local vacancies, he was deprived from actively applying for other vacancies, does not provide a basis for Board jurisdiction. Even liberally construed, the appellant's assertion does not meet the jurisdictional requirement that an appellant make an allegation that the agency denied him the right to compete under merit promotion procedures for a vacant position for which the agency accepted applications from outside its own workforce. *See Weed*, [112 M.S.P.R. 323](#), ¶ 12; *Styslinger*, [105 M.S.P.R. 223](#), ¶ 31. In a typical VEOA nonselection appeal, the Board orders reconstruction of the hiring process consistent with the law to ascertain whether the appellant would have been selected for the position he sought. *See Gonzalez v. Department of Homeland Security*, [110 M.S.P.R. 567](#), ¶ 6, *aff'd per curiam*, 355 F. App'x 417 (Fed. Cir. 2009). However, in this case, the appellant did not claim that the agency denied him any particular position other than those filled under vacancy announcement STL–T38H–13–911450.

Whether the agency failed to consider the appellant under any other vacancy announcement was not raised before the Board. This argument, therefore, does not provide a basis to disturb the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website

at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 			_____
					Jennifer Everling
					Acting Clerk of the Board

Washington, D.C.