NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMMANUEL S. SAXIONES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-2308

---

Petition for review of the Merit Systems Protection Board in No. DA-0831-17-0169-I-1.

---

Decided: May 15, 2018

---

NORMAN JACKMAN, Jackman & Roth, LLP, Lincoln, NH, argued for petitioner.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by KATHERINE M. SMITH.

---

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges.*

LOURIE, *Circuit Judge*.

Emmanuel S. Saxiones ("Saxiones") appeals from the decision of the Merit Systems Protection Board (the "Board") dismissing his appeal for lack of jurisdiction. *Saxiones v. Office of Pers. Mgmt.*, No. DA-0831-17-0169-I-1, slip op. (M.S.P.B. Apr. 14, 2017). Because we conclude Saxiones's appeal is moot, we *dismiss*.

The primary issue before the administrative judge ("AJ") was whether Saxiones was entitled to make a deposit in order to receive credit relating to his retirement annuity for his post-1956 military service. The U.S. Office of Personnel Management ("OPM") had not rendered a final decision on this issue, and the AJ concluded that no exception to the finality requirement applied, even though Saxiones's case remained unresolved over four years after he had filed his initial appeal to make a military service deposit. Accordingly, the AJ dismissed Saxiones's appeal for lack of jurisdiction. *Id.*, slip op. at 3–5. Saxiones did not appeal that decision to the Board, so the AJ's decision became that of the Board. This appeal followed.

Shortly before oral argument in the present appeal, OPM calculated the deposit due for Saxiones's military service, agreed to pay Saxiones the amount he was underpaid during the period of March 1, 2013 through March 31, 2018, and stated that annuity payments going forward would be calculated with credit given to Saxiones's military service. Board's Notice of Supplemental Authority at 2–3, *Saxiones v. Merit Sys. Prot. Bd.*, No. 2017-2308 (Fed. Cir. Apr. 24, 2018), ECF No. 47. Based on OPM's letter, the Board requests that we dismiss the appeal as moot. *Id.* at 1. Saxiones responds that other issues remain, including the proper calculation of pre-judgment interest, attorney fees, and his "High-Three," so the case is not moot. Saxiones Response to Board's Notice

of Supplemental Authority, *Saxiones v. Merit Sys. Prot. Bd.*, No. 2017-2308 (Fed. Cir. Apr. 26, 2018), ECF No. 49.

We agree with the Board and dismiss the appeal as moot. It appears that OPM has granted Saxiones the relief he seeks regarding the deposit, so there is no longer a live case or controversy on that issue before us. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) ("[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." (internal quotation marks omitted)); *Nasatka v. Delta Sci. Corp.*, 58 F.3d 1578, 1580 (Fed. Cir. 1995) ("If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed as moot." (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992))). The other issues mentioned by Saxiones were not properly before the AJ and accordingly neither OPM nor the AJ decided them on the merits during the course of this appeal. We do not resolve them here in the first instance.

If Saxiones has additional challenges to OPM's annuity determinations or to its timely compliance with the assurances in its recent letter, then he may pursue them in the proper course. Given the substantial delay in this case that has already occurred, we expect OPM to now proceed expeditiously in fulfilling its obligations.

## CONCLUSION

For the foregoing reasons, we *dismiss* the appeal as moot.

**DISMISSED**

## COSTS

Costs to Saxiones.