NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROBERT E. RANDOLPH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-2156

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3333, Judge Coral Wong Pietsch.

_____

Decided:  February 9, 2022

_____

ROBERT E. RANDOLPH, Baton Rouge, LA, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, BRYSON, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Robert E. Randolph appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") denying his petition for a writ of mandamus. *Randolph v. Wilkie*, No. 20-3333, 2020 WL 4280115 (Vet. App. July 27, 2020) ("*Decision*"); *Randolph v. Wilkie*, No. 20-3333, 2021 WL 41133 (Vet. App. Jan. 6, 2021); SAppx 2–7.[1]  For the reasons detailed below, we *dismiss* Randolph's appeal as moot.

## BACKGROUND

Randolph served on active duty in the U.S. Marine Corps from March 1981 to December 1984.  SAppx 9.

In January 1985, Randolph filed a claim for disability compensation, seeking service connection for reactive airway disease.  SAppx 18.  In June 1985, the Department of Veterans Affairs ("VA") regional office ("RO") granted him service connection for reactive airway disease and hypertension.  *Id.*

In March 1987, Randolph submitted a "Statement in Support of Claim" explaining that he had a sinus condition and requesting an evaluation to determine whether it was ratable.  *Id.*  In June 1987, the RO denied Randolph service connection for his sinus condition.  SAppx 19.

In March 2006, Randolph requested a higher disability rating for his service-connected reactive airway disease and hypertension.  *Id.*  Randolph also submitted a

————————————

[1]   "SAppx" refers to the supplemental appendix of materials accompanying the government's response brief.

statement indicating that he believed he already had a service connection rating for sinusitis. *Id.* In September 2006, the RO responded, explaining that it had denied him service connection for sinusitis in June 1987, that the decision was final, and that Randolph must submit new and material evidence to reopen the claim. *Id.*; SAppx 26.

In February 2008, Randolph sought to reopen his claim for service connection for sinusitis. SAppx 26. In February 2009, the RO denied his request, finding that he had not submitted new and material evidence to justify reopening his claim. *Id.*

In June 2009, Randolph filed a notice of disagreement, requesting revision of the June 1987 rating decision based on clear and unmistakable error ("CUE"). *Id.* That same month, Randolph submitted a letter stating that he did not remember receiving a copy of the June 1987 rating decision. *Id.*

In June 2012, the RO issued a Statement of the Case. First, it found that Randolph had submitted new and material evidence to reopen the sinusitis claim but denied the claim on the merits. SAppx 19–20; SAppx 26–27. Second, it determined there was no CUE in the June 1987 rating decision. *Id.*

Randolph appealed to the Board of Veterans' Appeals ("the Board"). In December 2014, the Board affirmed. It determined that there was no CUE in the RO's June 1987 rating decision, which denied Randolph service connection for sinusitis. SAppx 27.

Randolph appealed to the Veterans Court. According to Randolph, the Board erred in holding (1) that VA had properly notified him of its June 1987 rating decision and (2) that the June 1987 rating decision was final. SAppx 27. Rather than respond to Randolph's arguments, the Secretary conceded that the Board's findings were unsupported.

Accordingly, the Secretary recommended that the court remand the decision for further explanation. SAppx 27–28.

The Veterans Court agreed with the Secretary and in August 2016, it vacated and remanded the Board's decision. The court instructed that, should the Board find the June 1987 rating decision to be nonfinal, then "the Board must adjudicate it." SAppx 28–29.

In December 2017, on remand, the Board again determined that the June 1987 rating decision was final. Accordingly, it denied Randolph's motion for revision. SAppx 20. The Board acknowledged Randolph's assertion that he never received notification of the June 1987 rating decision. *Id.* However, the Board pointed out that the presumption of regularity applied, which holds that, in the absence of clear evidence to the contrary, it presumes that public officers have properly discharged their official duties. It further explained that Randolph had not rebutted that presumption. Randolph appealed to the Veterans Court.

On February 22, 2019, the Veterans Court reversed the Board's determination that the June 1987 decision was final. SAppx 20–21. According to the court, the Board erred in holding that Randolph had not rebutted the presumption of regularity. *Id.* It remanded the case to the Board for readjudication. SAppx 21.

On May 9, 2020, while the matter was pending before the Board, Randolph petitioned the Veterans Court for a writ of mandamus. *Decision*, 2020 WL 4280115, at *1. He specifically requested that the court compel the Secretary "to comply with [the Veterans Court's] order to expedite the processing of [his] appeal." *Id.*

Two months after Randolph's petition, on July 1, 2020, the Board decided Randolph's claim. *Id.* It determined that, because the June 1987 decision was nonfinal, Randolph's CUE request was moot, and his sinusitis claim was

still pending and unadjudicated. *Id.*; *see also* SAppx 30–32. In view of those determinations, the Board remanded Randolph's pending claim to the RO for "consideration of any action deemed appropriate." *Decision*, 2020 WL 4280115, at *1

After the Board's decision, on July 27, 2020, the Veterans Court denied Randolph's petition for a writ of mandamus. *Decision*, 2020 WL 4280115, at *2. First, the court explained that Randolph was not entitled to a writ of mandamus because he had "adequate alternative means to seek relief." *Id.* (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004)). Specifically, according to the court, Randolph could appeal the July 1, 2020 Board decision regarding his CUE claim. *Id.* at *1. Alternatively, he could seek relief from any RO decision on his sinusitis claim. *Id.* The court further emphasized that, should the RO fail to respond expeditiously to the Board's referral, then Randolph could file a new petition. *Id.* at *2.

Second, the Veterans Court determined that any alleged delay did not warrant issuance of a writ. *Id.* at *1. The court explained that, although additional litigation was required to correct the two Board decisions, the time taken to process Randolph's claim did not "offend[] the rule of reason" or otherwise require "extraordinary intervention." *Id.* at *2 n.3 (citing *Telecomms. Rsch & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)). On January 6, 2021, a three-judge panel adopted the single-judge order as the decision of the court. *Randolph v. Wilkie*, No. 20-3333, 2021 WL 41133, at *1 (Vet. App. Jan. 6, 2021); SAppx 2–3.

Randolph appealed to this court. As relevant here, after Randolph filed his opening brief, on September 29, 2021, the RO issued a decision concerning Randolph's sinusitis claim. SAppx 33–39. It granted service connection at a zero percent rating with an effective date of March 17, 1987. SAppx 33–34. Despite the RO's decision, Randolph continued to pursue his appeal to this court.

## Discussion

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). However, except with respect to constitutional issues, we may not review challenges to factual determinations or challenges to the application of a law or regulation to the facts of a case. *Id*. § 7292(d)(2).

For appeals involving a denial of a petition for a writ of mandamus, we have jurisdiction to review a decision of the Veterans Court "that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013); *see also Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Although we possess jurisdiction to "determine whether the [veteran] has satisfied the legal standard for issuing the writ," we may "not review the factual merits of the veteran's claim." *Beasley*, 709 F.3d at 1158. We review the denial of a petition for a writ of mandamus for an abuse of discretion. *Lamb*, 284 F.3d at 1382–1384.

Randolph asserts that the Veterans Court abused its discretion in denying his petition for a writ of mandamus. He requests that we require the Veterans Court to expeditiously "enforce its own remand orders." Appellant's Informal Br. 3. Specifically, Randolph requests that we instruct the Veterans Court to require VA to immediately adjudicate his claim.

The government responds that Randolph's appeal is moot. According to the government, Randolph's request was fulfilled when the RO adjudicated his sinusitis claim on September 21, 2021. SAppx 33.

We agree with the government. "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief [whatsoever] to a

prevailing party, the appeal must be dismissed as moot." *Nasatka v. Delta Sci. Corp.*, 58 F.3d 1578, 1580 (Fed. Cir. 1995) (internal quotations omitted). Such is the case here. While Randolph's appeal was pending, VA issued a rating decision granting him service connection for sinusitis. SAppx 34. In other words, VA "compli[ed] with [the Veterans] Court's order to expedite the processing of [Randolph's] appeal." *Decision*, 2020 WL 4280115, at *1. Accordingly, Randolph's challenge is moot.[2]

## CONCLUSION

We have considered Randolph's remaining arguments and find that they do not affect our conclusion. For the foregoing reasons, we *dismiss* his appeal as moot.

## DISMISSED

## COSTS

No costs.

---

[2]    Our decision that this appeal is moot should not be construed as an endorsement of the VA's speed or lack thereof in adjudicating Randolph's claim.